UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4408 CAS (Ex) | Date | July 25, 2008 |
|---|---|---|---|
| Title | RAY IVEY v. SNAPPLE BEVERAGE CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On May 1, 2008, plaintiff filed the instant action in the Los Angeles County Superior Court on behalf of a putative class consisting of all California consumers who have purchased the defendants' product in the last four years. Compl. ¶ 52; Notice of Removal ¶ 6. Defendants are Snapple Beverage Corp., Snapple Beverage Group, Inc., Snapple Distributors, Inc., and Pacific Snapple Distributors, Inc. ("PSDI").[1] Plaintiff alleges that defendants manufactured a beverage that they then falsely marketed and sold as lemonade, thereby misleading plaintiff and other consumers and inducing them to purchase defendants' product.

Plaintiff alleges claims for (1) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770 *et seq.*; and (3) fraud.

On July 3, 2008, defendant timely removed the action to this Court, asserting diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). On July 18, 2008, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing on this motion is presently scheduled for August 11, 2008.

It appears CAFA's jurisdictional amount has been satisfied in this case. See Declaration of Anna Marciano ¶ 3. Likewise, the class size requirement appears to have

---

[1] It appears that Snapple Beverage Corp. was erroneously sued as Snapple Beverage Corporation. Notice of Removal ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4408 CAS (Ex) | Date | July 25, 2008 |
|---|---|---|---|
| Title | RAY IVEY v. SNAPPLE BEVERAGE CORPORATION, ET AL. | | |

been satisfied. As set forth *infra*, however, it is not apparent that CAFA's diversity requirement is met.

Under CAFA, the usual diversity of citizenship requirement is relaxed. So long as CAFA's other requirements are satisfied, there is diversity under CAFA if at least one class member is diverse from at least one defendant. 28 U.S.C. § 1332(d)(2). However, there is an exception to this rule. A federal court must decline to exercise jurisdiction pursuant to § 1332(d)(2) where more than two-thirds of the proposed class members are citizens of the state in which the action was originally filed *and* either (1) the primary defendant is from that state; or (2) a significant defendant is from that state, the principal injuries were incurred in-state, and no other class action asserting the same or similar factual allegations against any of the defendants during the preceding three years.

For diversity purposes, plaintiff and all members of the putative class are citizens of California. According to defendants, Snapple Beverage Corp. is a Delaware corporation with its principal place of business in New York; Snapple Beverage Group, Inc. no longer exists, as it has been merged into Snapple Beverage Corp.; and Snapple Distributors, Inc. is a Delaware corporation with its principal place of business in New York. Notice of Removal ¶ 3.

Defendants acknowledge that PSDI, like plaintiff and all of the members of the proposed class, is a citizen of California. Id. It appears that the proposed class seeks significant relief from PSDI and that PSDI's conduct forms a significant basis for the claims alleged in this action. Because all of the members of the proposed class are California citizens, and because there has been no showing that a similar action was filed in the preceding three years, it appears that CAFA's local controversy exception applies in this case. This would require the Court to decline jurisdiction.

Attempting to avoid this result, defendants maintain that PSDI has been fraudulently joined to this action, and therefore, its citizenship may be disregarded.

If a court finds that there has been fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for diversity purposes. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4408 CAS (Ex) | Date | July 25, 2008 |
|---|---|---|---|
| Title | RAY IVEY v. SNAPPLE BEVERAGE CORPORATION, ET AL. | | |

is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

Defendants argue that there is no basis for imposing liability against PSDI because this party was not involved in or responsible for the labeling of the product at issue, which, according to defendants, is the crux of plaintiff's claim. Notice of Removal. ¶ 4. However, plaintiff's claims relate not only to the labeling of this product, but also to the sale and marketing of the product. It therefore appears that plaintiff has alleged one or more cognizable claims against PSDI, such that it has not been fraudulently joined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4408 CAS (Ex) | Date | July 25, 2008 |
|---|---|---|---|
| Title | RAY IVEY v. SNAPPLE BEVERAGE CORPORATION, ET AL. | | |

    Accordingly, defendants are ordered to show cause no later than August 11, 2008, why the Court should not remand the action to the Los Angeles County Superior Court for lack of subject matter jurisdiction. The hearing on defendants' motion to dismiss,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4408 CAS (Ex) | Date | July 25, 2008 |
|---|---|---|---|
| Title | RAY IVEY v. SNAPPLE BEVERAGE CORPORATION, ET AL. | | |

presently scheduled for August 11, 2008, is hereby vacated and will be rescheduled pending defendants' response to this order to show cause.

    IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |